UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


CHRISTOPHER LASHAWN HARRIS                                    PETITIONER

V.                                         CIVIL ACTION NO.1:09CV124-GHD-JAD

CHRISTOPHER EPPS, et al.                                     RESPONDENTS


REPORT AND RECOMMENDATION

Christopher Harris pled guilty to possession of more than two but less than ten grams of cocaine in the Circuit Court of Oktibbeha County. He was sentenced as a repeat drug offender to sixteen years in the custody of the Mississippi Department of Corrections, plus five years of post release supervision. His petition in this courts lists four grounds for which he seeks habeas relief.

LIMITATIONS ON REVIEW

Because there is no question that Harris has fully complied with all procedural requirements of Mississippi and federal habeas law, this court must consider each of his claims on the merits. This court's power to upset the judgments of the state courts in a criminal matter is appropriately very limited. The federal courts address only issues affecting substantial federal constitutional rights. The federal courts do not function as super-appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221(1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21(1982); *Gilmore v. Taylor*, 508

U.S. 333, 348-349 (1993) (O'Connor, J. concurring) (A mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas.").

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362 (2000). The AEDPA presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. §' 2254(e)(1).

This petitioner's claims have been reviewed in light of the AEDPA's limitations.

## GROUND ONE

In his first ground Harris asserts that he received ineffective assistance of counsel because his lawyer failed to advise him of his right to pursue a direct appeal from his guilty plea.

To establish ineffective assistance of counsel the petitioner must show, (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997). The

petitioner must show that counsel's representation "fell below the objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

The deficiency determination is not unguided. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955). The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a highly deferential manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *citing Strickland*, 466 U.S. at 689.

If counsel's performance is deemed "to have been deficient, then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286, n.9 (5th Cir. 1997). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). In order to make the required showing on the prejudice prong of *Strickland*, a petitioner must not just allege, but must actually prove prejudice. *Bonvillain v. Blackburn*, 78 F. 1248, 1253 (5th Cir. 1986).

Mississippi statutes prohibit direct appeals from a guilty plea. Miss. Code Ann § 99-35-101. Mississippi case law does however carve out one exception to the statutory prohibition. An appeal is allowed to challenge the legality of the sentenced imposed following the plea. *Burns v. State,* 344 So.2d 1189 (Miss. 1977). Harris does not make such a challenge. Instead Harris challenges his plea as not freely and knowingly made as discussed below in Ground Two.

3

Therefore his claim could not be directly appealed. There was no error by the trial attorney or by the court in failing to advise him of an inapplicable right to appeal.

GROUND TWO

Harris complains that his indictment was amended to increase the amount of drugs he possessed without being resubmitted to the grand jury. Harris goes on to assert that this flaw in the indictment rendered his plea involuntary and his sentence illegal. Construed only as a challenge to the propriety of the amendment of the indictment, this ground presents only a question of state law, not federal constitutional law. Rule 7.09 of the Mississippi Uniform Circuit and County Court Rules provides that indictments may be amended as to matters of form. Under Mississippi law an amendment as to the amount of drugs possessed changes the punishment but not the elements of the crime and is therefore an amendment as to form only. *Oby v. State*, 827 So.2d 731, 735 (Miss. Ct. App. 20002). Such an amendment may be properly obtained by motion without resubmitting the case to the grand jury.

Harris makes no factual allegations to support a claim that his plea was not freely and knowingly made. The record also does not support such a claim. The transcript of his guilty pleas shows that he was advised of his rights and testified under oath that he wished to waive his rights.(R. 44-46.) He testified he wanted to plead guilty of his own accord and without any promise or threat to him. In exchange for his plea, the state agreed to strike one of his two previous felonies from the indictment, thus eliminating sentencing as a regular habitual offender. Instead of a mandatory 32 year sentence without possibility of parole, Harris received a 16 year

sentence. Because the record rebuts his conclusory allegations this claimed ground for relief should be rejected.

## GROUND THREE

Harris asserts in his third ground that the indictment is fatally defective because it fails to advise him of the judicial district in which the indictment is brought. The sufficiency of a state indictment will only be grounds for federal habeas relief if it is so defective that the convicting court lacked jurisdiction. *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)(citing *Branch v Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980)). For an indictment to be "fatally defective," no circumstances can exist under which a valid conviction could result from facts provable under the indictment with state law providing the reference point for determining an indictment's sufficiency. *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983). In *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)), the United States Court of Appeals for the Fifth Circuit held that:

> An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against him and (2) enables him to plead an acquittal or conviction and bar a future prosecution for the same offense. *Id.* at 599.

Any other concerns about the indictment are matters of state law. The indictment in this case (R. 30) does not appear to be suffering from any defect. The indictment on its face advises Harris of the charges brought against him and that the charges were brought in Oktibbeha County, Mississippi. Given that this county only has one judicial district, there can be no confusion about the applicable district.

## GROUND FOUR

In his final ground, Harris alleges that the cumulative affect of his attorneys' errors denied him a fair trial and an effective direct appeal. Without any suggested error, outside of Ground One, Ground Four simply makes no sense. In an effort to liberally construe his federal petition the court has reviewed the language employed in his state petition. In the fourth ground of his state petition Harris alleged that he was denied effective assistance of counsel where his defense attorney failed to bring out the issues raised in the three earlier grounds. The three earlier grounds in the state and federal petition are nearly identical. Because none of the three grounds lists above have been found to have merit, Harris' attorneys were not ineffective in failing to raise those issues.

## CONCLUSION

The undersigned recommends that the petition in this case be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of

6

this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

THIS the 16th day of August, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE